UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| DUSTIN BRIAN LAROCHE,<br><br>             Plaintiff,<br><br>     vs.<br><br>LOWER BRULE SIOUX TRIBE<br>CORPORATION,<br><br>             Defendant. | 3:26-CV-03006-KES<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR LEAVE TO PROCEED<br>IN FORMA PAUPERIS AND 1915<br>SCREENING |

Plaintiff, Dustin LaRoche, filed a pro se lawsuit against the Lower Brule Sioux Tribe alleging violations of minimum wage law, federal disability employment standards, and federal grant compliance under state and federal law. Docket 1. LaRoche also moves for leave to proceed in forma pauperis, Docket 2, and appointment of counsel, Docket 3.

## I.     **Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors*

*Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After reviewing LaRoche's financial affidavit, the court finds he has insufficient funds to pay the filing fee. Thus, LaRoche's motion for leave to proceed in forma pauperis (Docket 2) is granted.

## II.    1915 Screening

### A.    Legal Standard

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. *Davis v.*

*Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553–63)).

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting *Twombly*, 550 U.S. at 556). Still, "conclusory statements" and "naked assertion[s] devoid of further factual

3

enhancement" do not satisfy the plausibility standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (alteration in original) (citation and internal marks omitted).

> **B.      Factual Background and Legal Analysis**

LaRoche was employed through the Lower Brule Sioux Tribe's Vocational Rehabilitation Program and was compensated at a rate of $7.25 per hour. Docket 1 at 2. As of January 1, 2025, however, LaRoche asserts that South Dakota's minimum wage was $11.50 per hour pursuant to SDCL § 60-11-3. *Id.* LaRoche alleges that his position and job duties did not fall within any exemption to South Dakota's minimum wage requirements. *Id.*

LaRoche further alleges that the Tribe failed to obtain certification under Section 14(c) of the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 214(c), which is required to lawfully pay subminimum wages to certain workers with disabilities. *Id.* LaRoche contends that, according to guidance issued by the United States Department of Labor, Section 14(c) applies only where a worker's physical or mental disability actually impairs the worker's earning or productive capacity for the work being performed. *Id.* The Department of Labor further explains that "[t]he fact that a worker may have a disability is not in and of itself sufficient to warrant the payment of subminimum wages." *Id.* LaRoche alleges that the Tribe did not possess the certification necessary to pay wages below the applicable minimum wage. *Id.*

LaRoche also alleges that, although the federal minimum wage under the FLSA remains $7.25 per hour, employees subject to both federal and state minimum wage laws are entitled to the higher applicable wage. *Id.* LaRoche

contends that the Tribe was therefore required to comply with South Dakota's higher minimum wage requirement. *Id.* LaRoche further alleges that the Tribe's Vocational Rehabilitation Program received federal grant funding and was accordingly subject to federal regulations governing compensation paid through federal awards. *Id.* Specifically, LaRoche cites 2 C.F.R. § 200.430(a), which requires compensation for personal services charged to federal awards to be reasonable and consistent with the non-federal entity's established policies, and 2 C.F.R. § 200.403(a), which requires costs charged to federal awards to be necessary and reasonable for performance of the federal award. *Id.* at 2-3. Based on these allegations, LaRoche contends that the Tribe's conduct violated both federal and state law and constituted misuse of federal funds. *Id.* at 3.

Indian tribes are considered "domestic dependent nations" that retain "inherent sovereign authority over their members and territories." *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991) (cleaned up and citation omitted). As sovereign entities, tribes possess "the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978). As such, tribal sovereign immunity bars suits against Indian tribes "absent a clear waiver by the tribe or congressional abrogation." *Okla. Tax Comm'n*, 498 U.S. 505 at 509. Tribal sovereign immunity may also extend to tribal entities, agencies, and corporations that function as arms of the tribe. *Stathis v. Marty Indian Sch. Bd. Inc.*, 560 F. Supp. 3d 1283, 1291 (D.S.D. 2021).

5

Here, LaRoche's claims are barred by tribal sovereign immunity. LaRoche alleges that he was employed through the Tribe's Vocational Rehabilitation Program and was paid wages below South Dakota's minimum wage requirements. He further alleges that the Tribe failed to obtain certification under Section 14(c) of the FLSA and improperly used federal grant funds in connection with the program's compensation practices. But even accepting those allegations as true, LaRoche has not alleged that the Tribe waived its sovereign immunity or that Congress unequivocally abrogated that immunity for the claims asserted here.

Nor does LaRoche allege facts showing that the Tribe's Vocational Rehabilitation Program falls outside the scope of the Tribe's sovereign immunity. To the contrary, the allegations indicate that the program operates as a tribal entity or arm of the Tribe. Tribal sovereign immunity extends not only to tribes themselves, but also to tribal agencies, entities, and corporations acting as arms of the tribe. *Stathis*, 560 F. Supp. 3d at 1291.

Thus, because LaRoche seeks relief against a tribal entity protected by sovereign immunity and does not identify any applicable waiver or congressional abrogation, the complaint fails to state a claim upon which relief may be granted and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

## III.   Conclusion

Thus, it is ORDERED:

1. That LaRoche's motion for leave to proceed in forma pauperis (Docket 2) is granted.

2. That LaRoche's claims against the Lower Brule Sioux Tribe are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii).

3. That LaRoche's motion to appoint counsel (Docket 3) is denied as moot.

Dated May 14, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE